UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**BRITTANY VON EHR,**      CASE NO.:

    **Plaintiff,**

v.

**FAMILY FRIENDS HOMEMAKER COMPANION SERVICES INC.**
a Florida Profit Corporation, **RHODA CRANDALL, individually, and KIMBERLY KNAPP, individually**

    **Defendants.**
_____/

**COMPLAINT & DEMAND FOR JURY TRIAL**

Plaintiff, BRITTANY VON EHR ("Plaintiff" or "VON EHR"), by and through undersigned counsel, files this Complaint against Defendants, FAMILY FRIENDS HOMEMAKER COMPANION SERVICES, a Florida Profit Corporation (hereinafter "FFHC"), RHODA CRANDALL, individually (hereinafter "CRANDALL"), and KIMBERLY KNAPP, individually (hereinafter, "KNAPP"), and states as follows:

**NATURE OF THE SUIT**

1. This action is brought under the Fair Labor Standards Act 29 U.S.C. § 201 *et seq*. ("FLSA") to recover from Defendants overtime compensation, liquidated damages, reasonable attorneys' fees and costs, and any other damages

permitted by law.

## PARTIES AND FLSA COVERAGE

2.  Plaintiff was an employee who performed Certified Nursing Assistant ("CNA") services on behalf of Defendants in Hillsborough County, Florida.

3.  At all times material hereto, corporate Defendant, FFHC was conducting business in Spring Hill, Florida in Hillsborough County, Florida, with its principal place of business in Spring Hill, Florida.

4.  Within the relevant time period, FFHC has been a corporation organized under the laws of the State of Florida.

5.  At all times relevant hereto, FFHC has maintained offices and conducted business throughout Florida and within this judicial district and is therefore within the jurisdiction of this Court.

6.  At all times relevant hereto, FFHC was/is an "enterprise" as defined by Section 3(r)(1) of the FLSA, 29 U.S.C. §203(r)(1), and is an enterprise engaged in commerce, within the meaning of 3(s)(1)(A).

7.  At all-time relevant hereto, FFHC has two (2) or more employees who have handled goods that moved in interstate commerce.

8.  At all times relevant hereto, FFHC was Plaintiff's "employer" as that term is defined by the FLSA, 29 U.S.C. §203(d).

9. CRANDALL is a citizen and resident of Florida and has exerted a substantial amount of control over significant aspects of Defendants' day to day operations during all relevant time periods.

10. Additionally, CRANDALL oversees daily operations of the business, set policy and procedures of the business, is responsible for all financial aspects of the business, and provides paperwork to all incoming employees.

11. In managing the day-to-day operations of Defendants, CRANDALL made decisions concerning work, staffing, pay policies and compensation.

12. Defendant, CRANDALL was engaged in business in the State of Florida.

13. KNAPP is a citizen and resident of Florida and has exerted a substantial amount of control over significant aspects of Defendants' day to day operations during all relevant time periods.

14. Additionally, KNAPP oversees daily operations of the business, set policy and procedures of the business, is responsible for all financial aspects of the business, and provides paperwork to all incoming employees.

15. In managing the day-to-day operations of Defendants, KNAPP made decisions concerning work, staffing, pay policies and compensation.

16. Defendant, KNAPP was engaged in business in the State of Florida.

17. On information and belief, FFHC, CRANDALL and KNAPP acted in all respects material to this action as the agent of the other, carried out a joint scheme, business plan or policy in material respects hereto, and the acts of FFGC, CRANDALL and KNAPP are legally attributable to each other.

18. On information and belief, FFHC, CRANDALL and KNAPP acted in all respects material to this action as the agent of the other, carried out a joint scheme, business plan or policy in material respects hereto, and the acts of FFHC, CRANDALL and KNAPP are legally attributable to each other.

19. The Defendants acted in all respects material to this action as the agent of the other, carried out a joint scheme, business plan or policy in material respects hereto, and the acts of each Defendant are all legally attributable to each other Defendant.

20. The unlawful acts alleged in this Complaint were committed by Defendants and/or Defendants' officers, agents, employees, or representatives, while actively engaged in the management of Defendants' business or affairs and with the authorization of the Defendants.

21. At all times material hereto, Defendants, were the employers of Plaintiff and the purported class members she seeks to represent.

22. At all times material hereto, Defendants were and continue to be

"employer[s]" within the meaning of the FLSA.

23. At all times material hereto, Defendants knowingly and willfully failed to pay Plaintiff, and all similarly situated class members her/their lawfully earned overtime wages in conformance with the FLSA.

24. Defendants committed a willful and unlawful violation of the FLSA and, therefore, are liable for monetary damages.

25. At all times material hereto, corporate Defendants were, and continue to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

26. At all times material hereto, the work performed by Plaintiff, and the purported class members, was directly essential to the business performed by Defendants.

27. Plaintiff fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## JURISDICTION, AND VENUE

28. Jurisdiction is proper in this Court, as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. § 201, et seq., hereinafter "FLSA."

29. Venue is proper in this Court, as the actions giving rise to this lawsuit occurred in Hillsborough County, Florida.

## FACTUAL ALLEGATIONS

30. Plaintiff began working for Defendants under the title of CNA in June 2016.

31. Plaintiff's activities were at all times controlled and closely supervised by Defendants.

32. Plaintiff had no authority to hire or fire employees of Defendants.

33. Plaintiff had no authority to discipline employees of Defendants.

34. Plaintiff had no authority to determine the schedules to be worked by any employees of Defendants, or to change the schedules.

35. Plaintiff had no authority to set rates of pay for other employees or agents of Defendants

36. Plaintiff had no input into performance reviews of other employees or agents of Defendants

37. All of Plaintiff's major decisions had to be cleared in advance by Defendants.

38. Plaintiff was closely monitored by Defendants at all times.

39. Plaintiff followed procedures established by Defendants and did exactly as she was instructed to do.

40. Throughout Plaintiff's employment, Defendants regularly required Plaintiff to work in excess of forty (40) hours per week.

41. Consequently, Defendants unlawfully classified Plaintiff, and other

CNAs and home care workers as "independent contractors."

42. Defendants paid Plaintiff at a ranged hourly rate of $9.00-$14.00 per hour for each hour worked, depending on the type of patient.

43. Defendants paid Plaintiff in a structured basis.

44. Plaintiff's activities were thoroughly controlled by Defendants.

45. Plaintiff performed integral work of Defendants' for indefinite time periods.

46. Defendants instructed Plaintiff on where and when to work.

47. Plaintiff did not have the ability to negotiate her wages, working conditions, or control the amount/timing of any work.

48. Plaintiff could not invoice their own schedule, as Defendants set the timing and method of allowed invoicing.

49. Plaintiff did not advertise in the market as an independent business and was economically dependent on Defendants.

50. FFHC is not simply a referral source, but an employer.

51. Defendants meet with potential clients to open a case.

52. Caregivers such as Plaintiff are not allowed to contact the clients for more information and/or to determine if they want to pursue the case presented.

53. Plaintiff was placed on Defendants' roster after going through the interview process and Defendants decide who Plaintiff can care for.

54. Defendants' clients do not set rates of pay and could not negotiate

with Plaintiff about which services will be provided.

55. As such, Plaintiff was misclassified as an independent contractor, and should have been classified as a non-exempt hourly employee.

56. Since February 19, 2018, Defendants regularly required Plaintiff to work in excess of forty (40) hours per week.

57. Defendants failed to pay Plaintiff full and proper overtime compensation for all hours worked over forty (40) per week during the above-noted time period.

58. If Plaintiff worked less than forty (40) hours per week, she would be paid only for the hours she worked.

59. Throughout her employment, Defendants ordered Plaintiff to complete tasks and meet goals that would force her to work more than forty (40) hours a week.

60. Plaintiff should also have been compensated at the rate of one and one-half times Plaintiff's regular rate for all hours that Plaintiff worked in excess of forty (40) hours per week, as required by the FLSA, throughout her employment.

61. Defendants violated Title 29 U.S.C. §207 in that:

    (a) Plaintiff worked in excess of forty (40) hours in one or more workweeks for her period of employment with Defendants;

    (b) No payments or provisions for payment have been made by

    Defendants to properly compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate for **all** hours worked in excess of forty (40) hours per work week, as provided by the FLSA; and

    (c) Defendants failed to maintain proper time records as mandated by the FLSA.

62. Prior to violating the FLSA, Defendants did not consult with an attorney to evaluate whether Plaintiff's actual job duties and pay structure rendered her exempt from recovering payment for all overtime worked under the FLSA.

63. Prior to violating the FLSA, Defendants did not consult with the DOL to evaluate whether Plaintiff's actual job duties and pay structure rendered her exempt from recovering payment for all overtime worked under the FLSA.

64. Prior to violating the FLSA, Defendants did not consult with an accountant to evaluate whether Plaintiff's actual job duties and pay structure rendered her exempt from recovering payment for all overtime worked under the FLSA.

65. Based on the allegations in Paragraphs 62-65 above, Plaintiff is entitled to liquidated damages, as Defendants have no objective or subjective good faith belief that its pay practices were in compliance with the FLSA.

66. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A. to represent her in the litigation and has agreed to pay the firm a

reasonable fee for its services.

## COUNT I
## VIOLATION OF 29 U.S.C. §207 OVERTIME COMPENSATION

67. Plaintiff reincorporates and re-alleges paragraphs 1-66 above, as though set forth fully herein, and further alleges as follows:

68. Plaintiff is entitled to be paid time and one-half her regular rate of pay for each hour worked in excess of forty (40) per work week.

69. During Plaintiff's employment with Defendants, Plaintiff regularly worked overtime hours, but was not paid full and proper time-and-one-half compensation for all hours worked.

70. Plaintiff was not an exempt employee as defined by the FLSA, and was instead an hourly-paid, non-exempt employee as defined by the FLSA.

71. Plaintiff was likewise not an independent contractor, and was instead an hourly-paid, non-exempt employee as defined by the FLSA.

72. As a result of Defendants' intentional, willful, and unlawful acts in refusing to pay Plaintiff time and one half her regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work weeks, Plaintiff has suffered damages in addition to incurring reasonable attorneys' fees and costs.

73. As a result of Defendants' willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered in her favor against Defendants, and that this Court:

a. Declare, pursuant to the FLSA that the acts and practices complained of herein are in violation of the maximum hour provisions of the FLSA;

b. Award Plaintiff overtime compensation in the amount due to her for time worked in excess of forty (40) hours per work week;

c. Award Plaintiff liquidated damages in an amount equal to the overtime award;

d. Award Plaintiff reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

e. Award Plaintiff pre-judgment interest; and order any other and further relief that the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

DATED this 1st day of March, 2021.

Respectfully Submitted,

**By: /s/Noah Storch**
Noah E. Storch, Esq.
Florida Bar No. 0085476

RICHARD CELLER LEGAL, P.A.
10368 W. SR 84, Suite 103
Davie, Florida 33324
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
E-mail: noah@floridaovertimelawyer.com

*Trial Counsel for Plaintiff*